Small v St. Barnabas Hosp. (2018 NY Slip Op 07189)





Small v St. Barnabas Hosp.


2018 NY Slip Op 07189


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Friedman, J.P., Kapnick, Webber, Oing, Moulton, JJ.


7471 403943/05

[*1]Marietta Small, etc., Plaintiff-Appellant,
v
St. Barnabas Hospital, Defendant-Respondent, City of New York, et al., Defendants.


Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.



Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 2, 2016, which granted defendant St. Barnabas Hospital's motion for partial summary judgment dismissing the claim alleging deliberate indifference to medical needs under 42 USC § 1983, unanimously affirmed, without costs.
In opposition to defendant's motion, plaintiff failed to show, as required by 42 USC § 1983, that the acts or omissions of St. Barnabas Hospital (St. Barnabas) in the course of its treatment of the decedent, were "sufficiently harmful to evidence deliberate indifference to serious medical needs" (Estelle v Gamble, 429 US 97, 105-06 [1976]; accord Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 282 [2010]).
St. Barnabas, having contracted with New York City to provide medical care to individuals at Manhattan House of Detention, where the decedent was incarcerated, is considered a municipality for purposes of 42 USC § 1983 analysis (see West v Atkins, 487 US 42, 56 [1988]). A municipal defendant is subject to statutory liability for deliberate indifference to medical needs under 42 USC § 1983 only where an injury results from the execution of an unconstitutional policy or practice (see Monell v Department of Social Servs. of the City of New York, 436 US 658, 694 [1978]; De Lourdes Torres v Jones, 26 NY3d 742, 768 [2016]).
This record is devoid of evidence that St. Barnabas had the alleged unconstitutional policy or practice of deterring or delaying access to off-premises medical care, either in its routing of requests for hospital treatment through its "Utilization" system, by providing care at a facility on Rikers Island called Urgicare, or by threatening physicians with disciplinary action for sending patients off-premises. Contrary to the allegations in the complaint, there is no record evidence that any physician was ever disciplined or threatened with discipline for sending patients off-site, or that Urgicare deterred or delayed off-site care. Moreover, when the decedent's treating physician determined that emergent care was necessary, approval to transport him to a hospital was obtained from Urgicare expeditiously by phone. Plaintiff claims that defendant failed to schedule an offsite CT scan when it was first recommended, months prior to decedent's terminal aortic dissection. However, this failure, if deemed negligence, would still not be sufficient basis for a deliberate indifference claim (see Darnell v Pineiro, 849 F3d 17, 36 [2d Cir 2017]), and the record does not support the inference this or any other act or omission was the result of an institutional policy or practice of deliberate indifference (see Monell, 436 US at 694; De Lourdes Torres, 26 NY3d at 768).
Contrary to plaintiff's claim, summary judgment is not premature, as plaintiff had ample [*2]time and opportunity in which to conduct disclosure (see Guarino v Mohawk Containers Co., 59 NY2d 753, 754 [1983]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK